UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OSBY RUSHING ) | |
| ) | |
| Plaintiff, ) | Case No. 10 CV 3551 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Geraldine Soat Brown |
| CHICAGO POLICE OFFICERS M. ) | |
| DEBOSE, STAR NO. 12694, A. ) | |
| LOPEZ, STAR NO. 2768, R. ) | |
| MAGALLON, STAR NO. 19170, M. ) | |
| FLIS, STAR NO. 6252, R. ) | |
| GONZALEZ, STAR NO. 8899, AND F. ) | |
| IZA, STAR NO. 12649, ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the court are plaintiff's motion in limine [dkt 36] and defendants' motion in limine [dkt 40]. The motions are ruled upon as follows.

## BACKGROUND

Plaintiff Osby Rushing brings a claim under 42 U.S.C. § 1983 alleging violation of his civil rights as well as an Illinois tort claim of malicious prosecution. (Compl.) [Dkt 1.] On June 11, 2009, Rushing was arrested by defendant Chicago Police Officers Debose, Lopez, Magallon, Flis, Gonzalez, and Iza for alleged possession of a controlled substance (crack cocaine). (Proposed Pretrial Order ¶ 3.) [Dkt 38.] Rushing contends there was no probable cause for the arrest, while defendants contend that there was probable cause. (*Id*.)

1

**DISCUSSION**

Generally, "[m]otions in limine are disfavored." *Mi-Jack Prods. v. Intl. Union of Operating Engrs., Loc. 150, AFL-CIO*, No. 94 C 6676, 1995 WL 680214 at *1 (N.D. Ill. Nov. 14, 1995). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Id*. Rather, rulings on evidence "ordinarily should be deferred until trial," when they may be resolved in the proper context. *Id*. The movant bears the burden to show that the evidence that it seeks to preclude is "clearly inadmissible." *Plair v. E.J. Branch & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). Denial of a motion in limine is *not* a ruling that the material subject to the motion is necessarily admissible. Rather, it means only that "outside the context of trial, the court cannot determine whether the evidence in question is admissible." *Id*. at 69.

**I.     Plaintiff's Motion in Limine**

Rushing seeks to bar the defense from introducing evidence that Jeffrey Davis, who both parties have identified as a trial witness, was previously arrested and convicted of a crime. (Pls.' Mot.) Mr. Davis was present when Rushing was arrested on June 11, 2009, and was arrested himself at the same time. Rushing anticipates that defendants will try to introduce Mr. Davis's 2006 conviction for an unspecified felony drug crime. (*Id*.) Plaintiff argues the following: (1) defendants did not disclose any evidence of Mr. Davis's conviction during discovery, and it should therefore be barred; (2) evidence of the conviction is irrelevant and prejudicial under Federal Rules of Evidence 401 and 403 and should also be barred pursuant to Rules 404(b) and 609; and (3) if evidence of the conviction is admitted, it should be limited to the felony charged, the date, and the disposition.

Defendants respond as follows: (1) evidence of Mr. Davis's conviction was a matter of public record and did not need to be disclosed under Federal Rule of Civil Procedure 26; further, evidence of a prior felony need not be disclosed during discovery if offered solely for the purpose of impeachment under Rule 609; (2) the conviction is admissible because it is probative of the fact that Mr. Davis was "a known drug dealer and that Plaintiff's meeting with him was not a chance meeting, but a planned drug buy" as well as "[d]efendants' probable cause to stop Plaintiff's vehicle carrying a known and admitted drug dealer," and that the probative value outweighs any "slight" prejudice; and (3) defendants only possess information about the felony charged, the date of the conviction, and the sentence, and thus do not dispute limiting the testimony to those facts. (Defs.' Resp. at 2.) [Dkt 41.]

The admissibility of Mr. Davis's prior felony conviction is subject to Federal Rules of Evidence 404(b) and 609. Under Rule 404(b), evidence of a person's prior "crimes, wrongs, or acts" cannot be introduced to show the person's "action in conformity therewith." It may come in for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. . . ." Fed. R. Evid. 404(b). Although Rule 404(b) is most commonly seen as applied to criminal defendants, it is also applicable in civil cases. *See Huddleston v. U.S.*, 485 U.S. 681, 685 (1988). Furthermore, Rule 404(b) applies to the prior acts of third parties because the rule on its face applies to a "person" and not only a party to the case. *Agushi v. Duerr*, 196 F.3d 754, 760 (7th Cir. 1999).

Here, defendants want to introduce evidence that Mr. Davis, a third-party witness, was convicted of a drug-related felony in order to show that Rushing's meeting with him was a planned drug buy and to show that defendant officers had probable cause to pull over an "admitted" drug

3

dealer. (Defs.' Resp. at 2.) What defendants are essentially arguing is that the 2006 conviction should come in to show that it is likely Mr. Davis was dealing drugs in July 2009. In other words, defendants want to establish that Mr. Davis was acting "in conformity therewith" his previous crime, and that Rushing and defendants acted accordingly. Using a prior conviction for that purpose is exactly what Rule 404(b) prohibits.

What Rushing and the officers knew or believed about whether Mr. Davis was selling drugs on July 11, 2009 may well be probative to why Rushing and Davis met that day and whether the officers had probable cause to arrest Rushing. However, that cannot be established by evidence that Mr. Davis was convicted of a crime in 2006. Although defendants argue the conviction should come in because it shows Rushing's "absence of mistake" and "intent," defendants do not explain how Mr. Davis's conviction alone would be at all probative of *Rushing's* state of mind on that particular day in 2009. Moreover, defendants have provided no details of Mr. Davis's conviction to demonstrate that it would be relevant to any allowable use under Rule 404(b). Therefore, evidence of Mr. Davis's 2006 conviction cannot be introduced to show that he was selling drugs on July 11, 2009.

However, this does not end the analysis. Under Rule 609, evidence of a prior conviction can also come in "[f]or the purpose of attacking the character for truthfulness of a witness." Under the rule, felony convictions that occurred within the previous ten years may be used for impeachment so long as the probative value of admitting the evidence outweighs any prejudicial effect. Fed. R. Evid. 609(a)(1).[1]

The evidence of Mr. Davis's felony drug conviction could potentially fall under Rule

---

[1] Defendants do not argue that Rule 609(a)(2), which permits any conviction for a crime that required "proof or admission of an act of dishonesty or false statement by the witness" to be admitted, applies to Mr. Davis's conviction.

609(a)(1), since it occurred within the past 10 years. However, before evidence of a prior conviction can come in to impeach a witness, the court must weigh the value of the evidence against its prejudicial effect. In doing so, a court considers: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the testimony; and (5) the centrality of the credibility issue. *U.S. v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997); *Maldonado v. Stinar*, No. 08 C 1954, 2010 WL 3075680 at *7 (N.D. Ill. Aug. 5, 2010) (applying factors to impeachment of the plaintiff in a Section 1983 case).

That weighing is difficult at this point without knowing what Mr. Davis's testimony will be. It is possible that evidence Mr. Davis's previous conviction of a drug crime could become relevant impeachment evidence under certain circumstances; for example, if Mr. Davis testifies that he has never possessed illegal drugs. For that reason, Rushing's motion in limine is denied without prejudice insofar as evidence of the conviction may come in solely for impeachment, if it becomes appropriate during the course of the trial. If that does occur, Rushing may request a limiting instruction to the jury about the purpose for which they may consider the evidence.

Because the evidence of Mr. Davis's conviction will be allowed for solely for impeachment purposes, if at all, the court need not address whether it was appropriately disclosed during discovery. Federal Rule of Civil Procedure 26(a)(3) provides that evidence introduced solely to impeach a witness need not be disclosed during discovery.

In sum, Rushing's motion in limine to bar evidence of Mr. Davis's prior conviction is granted in part and denied in part without prejudice, as set forth above. As agreed by defendants, any evidence of Mr. Davis's conviction will be limited to the felony charged, the date and the

5

disposition.

II.     **Defendants' Motion in Limine**

Defendants seek to bar Rushing from questioning any of defendant officers about their "knowledge, opinion, and understanding of what probable cause or reasonable suspicion means" on the basis that it is irrelevant. (Defs.' Mot. at 1.) Defendants argue that a determination of whether probable cause existed to arrest Rushing is "measured under a reasonableness standard, not the subjective opinion of a police officer." (*Id*.)

Rushing agrees that probable cause is an objective standard, but argues he should be able to question the officers about their understanding of probable cause for the following reasons: (1) if any of defendants testify upon direct examination that they took certain actions because they believed they had probable cause to do so, Rushing should be permitted to cross-examine them on "the reasonableness of any explanation for plaintiff's arrest;" and (2) Rushing seeks punitive damages, which requires evidence that defendants' actions were malicious or in reckless disregard of Rushing's rights. Rushing argues that evidence that defendants knew they did not have probable cause to arrest him or had not bothered to keep themselves informed of what constitutes probable cause could be relevant to the issue of punitive damages. (Pl.'s Resp. at 1-2.) [Dkt 42.]

Rather than ruling on specific questions Rushing's counsel may or may not ask, which is difficult outside the context of the evidence, this ruling will set the general principles the court will apply at the trial. In a Section 1983 action alleging false arrest, liability will turn on whether the officers had probable cause to arrest the plaintiff. *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010). Probable cause is established when the officer reasonably concluded, from the facts known

6

to him at the time of the arrest, that a suspect had committed or was committing a criminal offense. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). However, the determination of whether a sufficient legal basis existed to make an arrest is an objective one, and it does not turn on the subjective belief of the officer that he had probable cause. *Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003). "[E]venhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." *Devenpeck*, 543 U.S. at 153 (quoting *Horton v. California*, 496 U.S. 128, 138 (1990)). It is "well-established that an arresting officer's personal knowledge of facts sufficient to constitute probable cause is significant, but an arresting officer's subjective beliefs are not relevant." *Ochana*, 347 F.3d at 272 (citing *Whren v. U. S.*, 517 U.S. 806, 813 (1996)). In *Ochana*, the Seventh Circuit held that it was error (although harmless in that case) to allow evidence of the defendant police officers' subjective belief that they had probable cause on the issue of liability. *Id.*

Whether defendants had probable cause to arrest Rushing is a determination that the jury will have to make based on what the evidence reveals about the information the officers possessed at the time of the arrest. *See, e.g.,* 7th Cir. Pattern Jury Inst. § 7.05 (2009) (setting forth the elements of a false arrest claim, one of which is that the defendant(s) did not have probable cause to arrest the plaintiff). The court will instruct the jury about the legal definition of probable cause. *See, e.g., id.* § 7.06 (jury instruction on the definition of probable cause). The jury will then be charged with applying the evidence to that legal standard.

Testimony from defendant officers about what they understand probable cause or reasonable suspicion to mean might be probative of their subjective belief but would not be probative of the question of whether defendants' arrest of Rushing was objectively reasonable, *i.e.*, whether they

7

actually had probable cause in this case. Furthermore, it would be likely to confuse or distract the jury from the objective standard they will be instructed to apply. Eliciting such testimony from defendants for purposes of establishing liability would be inappropriate.

Rushing can cross-examine defendants about what they knew at the time they arrested him and why they took the actions they did. That includes examination about the basis of defendants' knowledge and conclusions. And Rushing is, of course, free to argue during closing arguments that the evidence of what defendants knew was insufficient to establish probable cause to arrest him.

Rushing also argues that evidence of the defendants' subjective beliefs and understanding is relevant to punitive damages. Punitive damages are available if liability has been established, and the defendant's state of mind is relevant to that issue. For example, the Seventh Circuit Pattern Jury Instructions provide the following regarding punitive damages when Fourth Amendment rights are implicated:

> You may assess punitive damages only if you find that [the defendant's] conduct was malicious or in reckless disregard of [the] [p]laintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring [the] [p]laintiff. Conduct is in reckless disregard of [the] [p]laintiff's rights if, under the circumstances, it reflects complete indifference to [the] [p]laintiff's safety or rights.

7th Cir. Pattern Jury Inst. § 7.24 (2009).

The question is whether to allow evidence of the officers' subjective intent and state of mind, which is relevant to punitive damages, to be introduced in the plaintiff's case in chief on liability where it is not relevant. The risk is that the jury will be confused and distracted, and that defendants will be prejudiced. Another district court confronting the same issue in a Section 1983 case found it appropriate to bifurcate the trial into a liability phase and a damages phase. *Huddleston v.*

*Pohlman*, No. 06-3009, 2007 WL 647335 (C.D. Ill. Feb. 27, 2007). The court recognized that the "[d]efendant's state of mind, while relevant to the question of punitive damages, is irrelevant to the question of liability." *Id.* at *1. Therefore, the court ordered that no evidence of the defendant's subjective intent could be introduced at the liability phase, but if the plaintiff proved liability, evidence of subjective intent could then come in as to damages. *Id.* at *1, 4.

After considering the issue and reviewing it with counsel for the parties, the court has determined to proceed as follows. The case will be presented as to liability and compensatory damages, and if a verdict is returned for Rushing, the parties will go forward immediately thereafter to present any additional evidence and argument on punitive damages. Rushing may recall the defendants as witnesses for that evidence.

In sum, defendants' motion in limine to bar questioning of defendant officers about their "knowledge, opinion, and understanding of what probable cause or reasonable suspicion means" is granted to the extent stated herein. Defendants must raise a timely objection at trial to any particular question or evidence that they believe is barred by this ruling.

## CONCLUSION

For the foregoing reasons, plaintiff's motion in limine [dkt 36] is granted in part and denied in part without prejudice as set forth above, and defendants' motion in limine [dkt 40] is granted to the extent stated herein. At trial, if any party believes evidence is being introduced in violation of these rulings, it must make an objection at that time.

**IT IS SO ORDERED.**

_____
**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**DATED: September 30, 2011**